COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:        Cara Dawn Gambini v. The State of Texas

Appellate case number:     01-12-00395-CR

Trial court case number:   1772383

Trial court:                County Criminal Court at Law No. 14 of Harris County, Texas

The Rules of Appellate Procedure require that a certification from the trial court of the appellant's right to appeal be filed in every criminal case in which the trial court enters a judgment or other appealable order. *See* TEX. R. APP. P. 25.2(a)(2). No certification of the appellant's right to appeal appears in the record of the underlying proceedings filed in this Court.

Accordingly, we abate this appeal and remove it from this Court's active docket.

We direct the trial court to conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's counsel, John K. George, shall be present. Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[1]

At the hearing, the trial court shall determine whether a certification of appellant's right to appeal was completed but omitted from the clerk's record in this case. If so, the trial court shall order that the certification be included in a supplemental clerk's record to be filed in this Court. If no certification was completed, the trial court shall complete a certification of the appellant's right to appeal. The certification must be signed by the trial court, appellant, and appellant's counsel.

The trial court shall have a court reporter record the hearing, and a reporter's record of the hearing shall be filed in this court **within 20 days of the date of this order**. A supplemental clerk's record containing the completed certification of appellant's right to appeal shall be filed with the Clerk of this Court **within 20 days of the date of this order.**

---

1    Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and her counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and reporter's record of the abatement hearing are filed in this Court. **The court coordinator of the trial court shall set a hearing date and notify the parties of such date.**

It is so ORDERED.

Judge's signature: /s/ <u>Justice Michael Massengale</u>
            ☑ Acting individually    ☐ Acting for the Court

Date: September 18, 2012